IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCISCO E. MENDEZ, | : | No. 05cv2674 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Mannion) |
| PEOPLE OF THE STATE OF NEW YORK and THOMAS HOGAN, Warden of York County Prison, | : : : | |
| | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

**February 15, 2006**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On September 7, 2005, Petitioner, Francisco E. Mendez ("Plaintiff"), formerly an inmate at York County Prison, in York, Pennsylvania filed an action in the United States District Court for the Eastern District of New York, in which he sought an emergency stay of deportation. The action was designated as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("the Petition") (doc. 1) and was thereafter transferred to the United States District Court for the Western District of Pennsylvania on September 14, 2005. The matter was subsequently transferred to the United States District Court for the Middle District of

Pennsylvania in light of the fact that Petitioner was incarcerated in the Middle District, based upon the Supreme Court's decision in Rumsfeld v. Padilla, 124 S. Ct. 2711 (2004). The matter was received in the Middle District on December 28, 2005. Magistrate Judge Mannion reviewed the docket and determined that the Petitioner had already been deported by the time this action was received in the Middle District.

On January 20, 2006, Magistrate Judge Mannion issued a Report and Recommendation (doc. 2) recommending that the Petition (doc. 1) be dismissed as moot, because the Petitioner was deported prior to the Middle District's receipt of the action, and the only relief sought in the instant Petition was a stay of deportation.

Objections to the Magistrate Judge's Report were due on February 6, 2006 and to date none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

As with Petitioner's related matter, filed to 05cv2636, it appears that dismissal is the only appropriate option in light of his deportation. Moreover, our review of this case confirms Magistrate Judge Mannion's determinations and well-reasoned analysis, and we have not been presented with any reason to revisit them. Accordingly, we will adopt the Report and Recommendation (doc. 2) in its entirety and the Petition shall be dismissed as moot.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Mannion's Report and Recommendation (doc. 2) is GRANTED in its entirety.

2. The Petition (doc. 1) is DISMISSED as MOOT.

3. The Clerk is directed to close this file.

       s/ John E. Jones III
       John E. Jones III
       United States District Judge